UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ANNA LEE FULLMER,<br><br>Debtor. | Bk. Case No. 21-20215-BPH |
| KATHLEEN McCALLISTER, Trustee,<br><br>Appellant,<br><br>v.<br><br>ANNA LEE FULLMER,<br><br>Appellee. | Case No. 3:25-cv-00232-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Appellant Kathleen A. McCallister's ("Trustee") appeal from two orders of the United States Bankruptcy Court for the District of Idaho denying without prejudice her motions to modify Appellee Anna Lee Fullmer's ("Debtor") confirmed Chapter 13 plan (Dkt. 1), and Fullmer's Motion for an Award of Just Damages, Including Attorney Fees and Costs (Dkt. 10). The Court has reviewed the record and the parties' submissions and finds the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. Accordingly, the Court decides these matters without oral argument. D. Idaho L. Civ. R. 7.1(e)(1)(B); Fed. R. Bankr. P. 8019(a)(3); Fed. R. Civ. P. 78(b). Because the appealed orders did not finally resolve the relevant plan-modification proceeding, they were not final orders appealable under 28 U.S.C. § 158(a)(1). The Court therefore dismisses the appeal and denies Fullmer's request for damages, fees, and costs.

## I. BACKGROUND

Fullmer filed this Chapter 13 case in May 2021, and the Bankruptcy Court confirmed her plan in September 2021 (Bankr. Dkt. 30). McCallister later succeeded C. Barry Zimmerman as Chapter 13 Trustee (Bankr. Dkt. 80).

On January 20, 2025, the Trustee moved to modify Fullmer's confirmed plan, seeking increased monthly payments beginning in February 2025 (Bankr. Dkt. 86). On February 28, the Trustee separately moved to set aside a prior order allowing attorney fees (Bankr. Dkt. 91, the "Vacate Motion"). The Bankruptcy Court concluded that the attorney-fee issue, along with outstanding federal and state tax issues, could affect any necessary plan modification or additional funding (Bankr. Dkt. 111 at 4).

On April 17, 2025, the Bankruptcy Court ordered that the "Trustee's Motion to Modify the Plan at Doc. No. 86 is denied without prejudice and may be renewed after the Vacate Motion is resolved" (Bankr. Dkt. 111 at 4). The Trustee withdrew the motion concerning the attorney-fee order on April 21 and filed a second motion to modify on April 25 (Bankr. Dkts. 116, 120). The second motion again sought increased payments based on Fullmer's asserted disposable income, this time beginning in May 2025.

On April 28, 2025, the Bankruptcy Court denied the second motion without prejudice. It explained that it sought "a singular motion to modify plan that addresses the tax issues in this case" and provided that, when Fullmer filed her anticipated modification, the "Trustee may object and argue that Debtor also has increased income requiring plan modification" (Bankr. Dkt. 125 at 1).

The Trustee appealed Docket Nos. 111 and 125 on April 30, 2025 (Bankr. Dkt. 127). Shortly thereafter, the Bankruptcy Court explained that it had deliberately denied the motions without prejudice to encourage "an efficient process in which a singular modified plan would be

filed" rather than the "piecemeal approach seemingly favored by the Chapter 13 Trustee." It further stated that "neither Order alters the status quo, or 'fixes the rights or obligations of the parties'" (Bankr. Dkt. 137 at 1).

Fullmer filed the contemplated motion to modify on May 29, 2025 (Bankr. Dkt. 153). On June 2, this Court observed that the appealed orders appeared interlocutory and directed the Trustee, within fourteen days, either to seek leave to appeal or to show cause why the appeal should not be dismissed (Dkt. 4). The Trustee did not respond within that period. She filed her response on July 24, maintaining that the orders were final and that leave was unnecessary (Dkt. 8).

Meanwhile, the Trustee objected to Fullmer's motion in front of Judge Hursh, arguing that Fullmer's monthly payment should increase from $1,130 to $3,253.70 (Bankr. Dkt. 158). On September 4, 2025, the Bankruptcy Court conducted an evidentiary hearing at which Fullmer and the Trustee testified and exhibits from both sides were admitted (Bankr. Dkts. 178-180). On November 10, the Bankruptcy Court entered a memorandum decision and order granting in part and denying in part Fullmer's motion to modify (Bankr. Dkts. 182, 183).

## II. LEGAL STANDARD

Under 28 U.S.C. § 158(a)(1), a district court has jurisdiction over appeals from "final judgments, orders, and decrees" entered by a bankruptcy court. A district court may also hear an appeal from an interlocutory bankruptcy order "with leave of the court." 28 U.S.C. § 158(a)(3). If an appellant files a notice of appeal without the required motion for leave, the district court may order the appellant to file such a motion or may treat the notice as a motion for leave and grant or deny it. Fed. R. Bankr. P. 8004(d).

Finality is more flexible in bankruptcy than in ordinary civil litigation because a bankruptcy case commonly encompasses multiple distinct proceedings. *Bullard v. Blue Hills Bank*, 575 U.S.

496, 501 (2015). The Ninth Circuit has explained that the same finality constraints govern district-court jurisdiction under 28 U.S.C. § 158(a)(1) and appellate jurisdiction under § 158(d)(1). *Cabardo v. Patacsil (In re Patacsil)*, 2026 WL 2529321, at *4 (9th Cir. Aug. 27, 2026). A court therefore must "first determine the scope of the proceeding on appeal and then determine whether the appealed order finally resolves that proceeding." *Id.* at *4. In defining that proceeding, courts may not "slice 'the case too thin'" by treating the particular dispute resolved by an intermediate order as the relevant proceeding. *Id.* at *5 (quoting *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 44 (2020)).

After identifying the proper proceeding, the Ninth Circuit asks whether the bankruptcy order "resolves and seriously affects substantive rights" and "finally determines the discrete issue to which it is addressed." *In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017) (quoting *In re Perl*, 811 F.3d 1120, 1126 (9th Cir. 2016)); *see In re Patacsil*, 2026 WL 2529321, at *5.

## III. ANALYSIS

### A. The Appealed Orders Are Interlocutory

The Trustee contends each motion to modify constituted a discrete proceeding that became final when the Bankruptcy Court denied it. She relies primarily on *Germeraad v. Powers*, 826 F.3d 962 (7th Cir. 2016), which concluded that denial of a trustee's motion to modify will generally resolve a discrete bankruptcy dispute. Under *Patacsil*, however, the Trustee defines the relevant proceeding too narrowly.

The Trustee's requested relief illustrates the point. She does not ask this Court to determine Fullmer's proper plan payment. Rather, she contends the Bankruptcy Court erred by denying her motions without first permitting her to marshal evidence supporting modification and, as to the second motion, by requiring her to present the increased-income issue through an objection to

Fullmer's anticipated motion. She seeks reversal and remand so she may pursue modification and "marshal her evidence into the record before the bankruptcy court disposes of the motions" (Dkt. 7 at 24-25).

The Bankruptcy Court, meanwhile, sought a single proceeding in which the interrelated funding, tax, fee, and income issues could be addressed together and deliberately denied the Trustee's successive motions without prejudice to avoid a piecemeal approach (Bankr. Dkt. 137 at 1). The relevant proceeding was therefore not Docket No. 86 standing alone and then Docket No. 120 standing alone, but the process for determining whether and how Fullmer's confirmed plan should be modified considering those interrelated disputes.

Neither appealed order finally resolved that proceeding. Docket No. 111 expressly denied the first motion without prejudice and authorized its renewal after resolution of the Vacate Motion (Bankr. Dkt. 111 at 4). Docket No. 125 likewise denied the second motion without prejudice and preserved the Trustee's ability to argue, in the forthcoming modification proceeding, that Fullmer's increased income required modification (Bankr. Dkt. 125 at 1). Those orders altered how and when the Trustee would present her position, but neither decided that position on the merits. As the Bankruptcy Court explained, neither order "alters the status quo, or 'fixes the rights or obligations of the parties'" (Bankr. Dkt. 137 at 1).

*Germeraad* does not compel a different result. It reasoned that denial of a trustee's modification motion will generally be final because it resolves whether the plan may be modified, and after a merits denial, the bankruptcy court will not invite another motion on the same grounds. 826 F.3d at 966. But *Germeraad* expressly distinguished a denial based "on a technical defect or on some other basis that could be cured by an amended motion." *Id.* Here, unlike the merits denial in *Germeraad*, Docket No. 111 expressly invited renewal, and Docket No. 125 expressly preserved

the Trustee's increased-income ground for adjudication in the forthcoming modification proceeding. The rationale for finality in *Germeraad* is therefore absent.

Moreover, the later Bankruptcy proceedings are consistent with that conclusion. Fullmer filed the contemplated modification motion; the Trustee objected and sought a substantially greater plan payment; both testified and submitted evidence; and the Bankruptcy Court entered a merits decision, resolving their competing positions concerning the appropriate monthly payment. The Bankruptcy Court characterized modification of a confirmed Chapter 13 plan as a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and determined that a $1,683 monthly payment corresponded to Fullmer's ability to pay while the Trustee's proposed $3,253.70 payment exceeded that ability (Bankr. Dkt. 182 at 2, 5, 10). Those later events are consistent with the conclusion that the substantive modification dispute left open by Docket Nos. 111 and 125 proceeded to adjudication rather than ending with either denial.

Accordingly, Docket Nos. 111 and 125 were interlocutory orders, and the Court lacks appellate jurisdiction over them under § 158(a)(1). The Court previously directed the Trustee either to seek leave to appeal or to explain why the orders were final (Dkt. 4). The Trustee elected the latter course and expressly stated that she did not believe leave was required (Dkt. 8 at 2). The Court therefore declines to treat the Notice of Appeal as a motion for leave under Rule 8004(d) of the Federal Rules of Bankruptcy Procedure, and it dismisses the appeal for lack of jurisdiction.

**B. Fullmer's Request for Attorney Fees and Costs is Denied**

Fullmer requests damages, attorney fees, and costs under Rule 8020(a)-(b) and the Court's inherent authority. She contends the appeal is frivolous and relies on the Trustee's delayed response to the Court's June 2, 2025, order (Dkt. 10 at 8-9).

Sanctions are unwarranted. Although the Court rejects the Trustee's jurisdictional position, that position was not frivolous. The Trustee relied on *Germeraad*, a published circuit decision specifically addressing whether denial of a Chapter 13 trustee's motion to modify may constitute a final bankruptcy order. Further, the Ninth Circuit did not issue *Patacsil*, which clarified the framework for identifying the relevant bankruptcy proceeding, until the Trustee filed this appeal. The Trustee thereafter submitted the decision as pertinent authority (Dkt. 13). Nor, on this record, does the Trustee's delayed response warrant sanctions under Rule 8020(b) or the Court's inherent authority. Fullmer's request is denied.

## IV. ORDER

**IT IS ORDERED that:**

1. The appeal from the Bankruptcy Court's orders at Bankruptcy Docket Nos. 111 and 125 is **DISMISSED** for lack of appellate jurisdiction under 28 U.S.C. § 158(a)(1).

2. Appellee Anna Lee Fullmer's request for damages, attorney fees, and costs under Federal Rule of Bankruptcy Procedure 8020 and the Court's inherent authority (Dkt. 10) is **DENIED**.

3. The Clerk of the Court is directed to close this case.

**DATED:** September 29, 2026

Amanda K. Brailsford
U.S. District Court Judge